UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNELL ALLEN,

    Petitioner,                             Case Number: 05-10304
                                              Honorable David M. Lawson

v.

CAROL HOWES,

    Respondent.
_____/

## ORDER DENYING THE PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT UNDER RULE 59(e) OF THE FEDERAL RULES OF CIVIL PROCEDURE

The matter is before the Court on the petitioner's motion to alter or amend judgment pursuant to Rule 59 of the Federal Rules of Civil Procedure. The petitioner contends that he is entitled to relief under Rule 59 because the Court applied the wrong standard of review to the state courts' determination of certain issues, erred in concluding that exclusion of certain testimony was not prejudicial to the petitioner's case, and as a result, erred in holding that the petitioner was not deprived of effective assistance of counsel at trial. According to the petitioner, the prejudice resulting from ineffective assistance of his trial counsel is evident from the decision of the first Michigan Court of Appeals panel that ruled in his favor.

Federal Rule of Civil Procedure 59(e) authorizes a district court to "alter or amend a judgment" in the case of a clear error of law, newly discovered evidence, an intervening change in controlling law, or manifest justice. *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)); *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citing *Sault Ste. Marie Tribe of*

*Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)).  A motion to alter or amend judgment brought by a habeas petitioner under Rule 59(e) may be analyzed properly as a motion for reconsideration brought under Local Rule 7.1 of the Eastern District of Michigan.  *See Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999).  Motions for reconsideration may be granted pursuant to E.D. Mich. LR 7.1(g)(1) when the moving party shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case.  E.D. Mich. LR 7.1(g)(3).  A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain.  *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted).

The petitioner here has not demonstrated any mistake of fact or law that amounts to a "palpable defect."  Rather, the petitioner seeks to re-litigate the question whether he was prejudiced by his trial counsel's allegedly substandard performance, which the Court adjudicated in its original opinion and order.  The Local Rules provide that "motions for rehearing or reconsideration which merely present the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted."  E.D. Mich. LR 7.1(g)(3).  Therefore, the Court will deny the petitioner's motion to alter or amend judgment.

Accordingly, it is **ORDERED** that the petitioner's motion to alter or amend judgment pursuant to Rule 59 [dkt # 34] is **DENIED**.

                                             s/David M. Lawson  
                                             DAVID M. LAWSON  
                                             United States District Judge

Dated: March 30, 2009

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 30, 2009.

s/Lisa M. Ware
LISA M. WARE