UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNELL ALLEN,

                Petitioner,                    Case Number: 05-10304
                                                  Honorable David M. Lawson

v.

CAROL HOWES,

                Respondent.

_____/

## ORDER GRANTING THE PETITIONER'S MOTION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL, DENYING MOTION FOR APPOINTMENT OF COUNSEL ON APPEAL, AND GRANTING PETITIONER A CERTIFICATE OF APPEALABILITY

The matter is before the Court on the petitioner-appellant's motion to appoint counsel and to proceed *in forma pauperis* on appeal from the Court's entry of judgment on the petitioner-appellant's petition for a writ of habeas corpus under 28 U.S.C. § 2254. To proceed on appeal, the petitioner also needs a certificate of appealability issued by this Court.

I.

The docket indicates that the petitioner paid the $5 filing fee when he filed his petition in this Court. *See* 28 U.S.C. § 1914. Therefore, the petitioner is not automatically authorized to appeal *in forma pauperis* under Federal Rule of Appellate Procedure 24(a)(3) and must show that he qualifies for such status. Because the "good faith" requirement of 28 U.S.C. § 1915(a)(3) does not apply to habeas petitions, *Kincade v. Sparkman*, 117 F.3d 949, 951-52 (6th Cir. 1997), this Court may authorize the prosecution of any appeal without the prepayment of fees by a prisoner who shows that he is unable to pay such fees. 28 U.S.C. § 1915(a)(1); Fed. R. App. P. 24(a)(1). The petitioner has submitted the required information, and the Court finds the defendant qualifies for *in forma pauperis* status. The petitioner's request to proceed *in forma pauperis* will therefore be granted.

II.

The petitioner also requests appointment of counsel on appeal.  However, on April 13, 2009,

he filed a notice of appeal.  Once a notice of appeal has been filed, this court loses jurisdiction over

the case.  *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *Workman v.*

*Tate*, 958 F.2d 164, 167 (6th Cir. 1992).  The petitioner's notice of appeal divests this Court of

jurisdiction to consider his motion for the appointment of appellate counsel.  *Wagner v. Smith*, 06-

10514, 2007 WL 3124659, at \*2 (E.D. Mich. Oct. 25, 2007) (citing *Glick v. U.S. Civil Com'n*, 567

F. Supp. 1483, 1490 (N.D. Ill. 1983); *Brinton v. Gaffney*, 560 F.Supp. 28, 29-30 (E.D. Pa. 1983);

*Grizzell v. Tennessee*, 601 F. Supp. 230, 232 (M.D. Tenn. 1984)).  Therefore, only the United States

Court of Appeals for the Sixth Circuit has the authority to appoint counsel to represent the petitioner

on appeal.

III.

Finally, even though the petitioner has not made a specific motion for a certificate of

appealability, the Court will consider whether one should be granted.

A certificate of appealability may issue "only if the applicant has made a substantial showing

of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Courts must either issue a certificate

of appealability indicating which issues satisfy the required showing or provide reasons why such

a certificate should not issue.  28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of*

*Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).  To receive a certificate of appealability, "a

petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the

petition should have been resolved in a different manner or that the issues presented were adequate

to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)

(internal quotes and citations omitted).

Out of several claims raised by the petitioner, the Court finds that the certificate of appealability should be issued with respect to two issues: (1) whether the erroneous exclusion of evidence by the state trial judge deprived the petitioner of the meaningful opportunity to present a defense; and (2) whether the petitioner was deprived of effective assistance of appellate counsel. Only these claims deserve encouragement to proceed further.

IV.

Accordingly, it is **ORDERED** that the petitioner's motion to appoint counsel and to proceed *in forma pauperis* on appeal [dkt # 37] is **GRANTED in part and DENIED in part.**

It is further **ORDERED** that he petitioner may proceed *in forma pauperis* on appeal.

It is further **ORDERED** that the petitioner's request for appointment of counsel on appeal is **DENIED** for want of jurisdiction.

It is further **ORDERED** that the petitioner is **GRANTED** a certificate of appealability with regard to the petitioner's arguments regarding the deprivation of a meaningful opportunity to present a defense through a trial judge's error in excluding evidence and the ineffective assistance of counsel on appeal.  The certificate of appealability is **DENIED** as to the petitioner's other arguments.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: April 16, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 16, 2008.

s/Lisa M. Ware
LISA M. WARE